In the United States District Court
Southern District of Texas
Houston Division

| | |
|---|---|
| Supercub Holdings, LLC, Stephen Discher, and ISP Supplies, LLC | § § § |
| v. | §  Civil Action No._____ § |
| GOT Distribution SPV, LLC | § § |

# Plaintiffs' Original Complaint

## Introduction

Plaintiffs file this original complaint against Defendant seeking declaratory judgment on various matters arising from the failed closing of a sale of a business. In short, Plaintiffs seek a declaratory judgment to confirm the transaction never closed, the applicable purchase and sale agreement was terminated, and that all related agreements prefaced on there being a closing are void and of no effect. In support, Plaintiffs respectfully show the Court the following:

## Parties

1. Plaintiff Supercub Holdings, LLC ("**Supercub**") is a Texas limited liability company with its single member, Stephen Discher, being a resident of Texas.

2. Plaintiff Stephen Discher ("**Mr. Discher**") is an individual who resides in, and is domiciled in, the State of Texas.

3. Plaintiff ISP Supplies, LLC **("ISP")** is a Texas limited liability company with its single member being Supercub, a Texas limited liability company.

4. Defendant GOT Distribution SPV, LLC ("**GOT Distribution**") is a Delaware limited liability company that may be served with process by serving its registered agent, the Corporation Trust Company, at the Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. Upon information and belief, no members of GOT Distribution have citizenship in Texas.

## Jurisdiction

5. Jurisdiction is based on the diversity of citizenship of the parties. *See* 28 U.S.C. § 1332(a)(1).

6. Mr. Discher is an individual domiciled in the State of Texas.

7. Supercub is a limited liability company organized under the laws of the State of Texas. As a limited liability company, and for the purposes of diversity jurisdiction, the citizenship of Supercub is based upon the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, Supercub's sole member is Mr. Discher. As stated above, Mr. Discher is an individual domiciled in the State of Texas. Accordingly, Supercub's citizenship for diversity jurisdiction purposes is Texas.

8. ISP is a limited liability company organized under the laws of the State of Texas. As a limited liability company, and for the purposes of diversity jurisdiction, the citizenship of ISP is based upon the citizenship of each of its members. *Id*. Here, ISP's sole member is Supercub. As stated above, Supercub is a Texas limited liability company comprised of a single member, Mr. Discher, an individual domiciled in the

State of Texas. Accordingly, ISP's citizenship for diversity jurisdiction purposes is Texas.

9. GOT Distribution is a limited liability company organized under the laws of the State of Delaware. As a limited liability company, and for the purposes of diversity jurisdiction, the citizenship of GOT Distribution is based upon the citizenship of each of its members. *Id.* Here, under information and belief, GOT Distribution's members are comprised of other limited liability companies whose eventual sole member is Glenford Carty, an individual domiciled in the State of Florida.

10. Considering the above, there is complete diversity of citizenship between the parties. Moreover, the amount or value of the controversy exceeds $75,000.00 because this lawsuit seeks to declare a multi-million-dollar agreement for the purchase and sale of a business to have never closed and be terminated.

## Venue

11. Venue is proper in this district and division pursuant to the parties' forum-selection clause in the underlying agreement that forms the basis of this lawsuit. *See* **Exhibit A**, Securities Purchase and Contribution Agreement, § 7.8, attached hereto and incorporated herein.

## Governing Law

12.   The parties contractually agreed that the laws of the State of Delaware would govern any dispute arising from the underlying agreement forming the basis of this lawsuit. *See* **Exhibit A**, § 7.7.

## Factual Background

13.   This lawsuit arises from a failed closing under a Securities Purchase and Contribution Agreement and its seven amendments (collectively, the "**Agreement**"). The Agreement was executed by Supercub, Mr. Discher, and GOT Distribution. The subject matter of the Agreement was the purchase of ISP. A copy of the Agreement is attached as **Exhibit A**.

14.   In general, the parties agreed Supercub and Mr. Discher would sell ISP to GOT Distribution for $14,000,000. Payment under the Agreement was structured so that GOT Distribution would pay $3,000,000 at closing ("**Closing Payment**"), one payment 30 days after closing for $2,000,000, a second payment 60 days after closing for $2,000,000, and $3,000,000 which was paid over the course of 36 months per a seller note.[1] The remainder of the consideration was to be in the form of $4 million worth of GOT membership interest.

15.   Pursuant to the seventh amendment of the Agreement, the closing was required to happen on or before October 14, 2022. To consummate the closing, on the day the closing was supposed to happen, each party would simultaneously perform

---

[1]   Monthly payments would be for the interest on the unpaid $3,000,000 principal with a final payment of any remaining unpaid principal at the end of the 36 months.

certain obligations. Along with other obligations, GOT Distribution was required to tender to Mr. Discher the Closing Payment by bank wire transfer to the accounts designated by Mr. Discher. The parties agreed this Closing Payment would be satisfied by GOT Distribution paying: (a) $1,306,653 to American Momentum Bank to pay off the balance of a line of credit; and (b) the remaining $1,693,347 directly to Mr. Discher.

16. On October 14, 2022, Supercub and Mr. Discher satisfied their closing obligations under the Agreement. GOT Distribution, however, did not. First, GOT Distribution failed to tender the Closing Payment on October 14, 2022. Second, when GOT Distribution did make the wire transfers—four days late—GOT Distribution transferred $1,306,653 to American Momentum Bank, but only sent $963,597 to Mr. Discher. As such, GOT Distribution was short in paying the Closing Payment by $729,750.

17. Mr. Discher immediately inquired about this shortage, and GOT Distribution explained that due to various closing costs it did not have enough money to pay the full amount of the Closing Payment.

18. The following month, on November 28, 2022, Mr. Discher sent GOT Distribution an email and certified letter reminding GOT Distribution that the closing had not occurred because GOT Distribution had failed to tender the full Closing Payment ("**Demand Letter**"). Mr. Discher demanded full payment by December 19, 2022, which was 21 days after the Demand Letter was deposited in the mail for delivery.

19. GOT Distribution failed to tender the remaining amount owed under the Closing Payment by December 19, 2022. In fact, GOT Distribution never tendered the remaining amount owed under the Closing Payment. As such, the conditions necessary to close the transaction were never satisfied, and the closing contemplated by the Agreement never occurred.

20. Over the next two months, Supercub and Mr. Discher tried to negotiate some resolution with GOT Distribution; however, the parties could never come to an agreement. Finally, on February 7, 2023, GOT Distribution's counsel sent a letter to Supercub and Mr. Discher's counsel. A copy of this letter is attached as **Exhibit B**. The letter unequivocally, but erroneously, stated that the Agreement officially closed on October 14, 2022. Supercub and Mr. Discher obviously disagreed with this statement, and on February 27, 2023, pursuant to Section 1.4 of the Agreement, tendered notice of termination ("**Notice of Termination")** to GOT Distribution. A copy of the Notice of Termination is attached hereto as **Exhibit C**. The Notice of Termination stated that the Agreement was terminated because GOT Distribution breached the Agreement by failing to satisfy its obligations—i.e. failure to tender the full amount of the Closing Payment—and alternatively, because GOT Distribution failed to close by October 14, 2022.

## Count One: Declaratory Judgment

21. Plaintiffs incorporate by reference all the preceding paragraphs.

22. Supercub, Mr. Discher, and GOT Distribution entered the Agreement for the purchase and sale of ISP. Per the Agreement, closing would only occur when

the parties satisfied their respective obligations. GOT Distribution, among other obligations for closing, was required to tender the Closing Payment via wire transfer with $1,306,653 going to American Momentum Bank and $1,693,347 going to Mr. Discher. GOT Distribution failed to do so. Plaintiffs, however, satisfied all their obligations to consummate closing, per the Agreement.

23.     Despite never paying the Closing Payment, GOT Distribution now disingenuously claims that closing occurred, and continues to represent to third parties that it now owns ISP. In contrast, Plaintiffs claim closing was not consummated and that the Agreement was terminated by notice under Sections 1.4(b) and 1.4(c) of the Agreement. Accordingly, there is a genuine dispute between the parties as to their rights, status and other legal relations under the Agreement that must be resolved by this Court to remove any ambiguity or confusion in the marketplace regarding the ownership of, and control over ISP.

24.     Additionally, considering the termination, it is Plaintiffs' position that GOT Distribution owes to Supercub a Termination Fee pursuant to Section 1.5(b) of the Agreement.

25.     Based on the foregoing, Plaintiffs request that the Court enter a declaration verifying the following:

(a)     The closing for the purchase and sale of ISP, as contemplated by the Agreement, never occurred;

(b)     The Agreement was terminated as of February 27, 2023;

(c)     GOT Distribution owes Supercub a $67,000 Termination Fee pursuant to Section 1.5(b) of the Agreement;

(d) All related agreements and transactions (e.g. employment agreements, etc.) premised on there being an actual closing, are null and void; and

(e) The amounts owed by the parties to each other in order to unwind the transaction and reconcile the accounts between the parties.[2]

## Conditions Satisfied

26. Plaintiffs have complied with all conditions precedent to filing this lawsuit. Specifically, prior to the commencement of this action, Plaintiffs provided notice and demand for GOT Distribution to cure all breaches. GOT Distribution failed to cure the identified breaches within 15 days—more than 90 days as of this pleading.

## Conclusion and Prayer

For these reasons, Plaintiffs, Supercub Holdings, LLC, Stephen Discher, and ISP Supplies, LLC pray that Defendant, GOT Distribution, LLC, be cited to appear and answer; and, that Plaintiffs have judgment against Defendant for:

(a) A declaration that the closing for the purchase and sale of ISP, as contemplated by the Agreement, never occurred;

(b) A declaration that the Agreement is terminated as of February 27, 2023;

(c) A declaration that GOT Distribution owes Supercub $67,000, which represents the termination fee set forth in Section 1.5(b) of the Agreement;

(d) A declaration that all related agreements and transactions (e.g. employment agreements, etc.) premised on there being an actual closing, are null and void;

---

[2] By way of example only, SuperCub recognizes that it is holding amounts paid to it by GOT Distribution as a result of the initial, but insufficient payment. However, such amount must be offset by amounts SuperCub loaned to GOT Distribution in the course of trying to resolve the issues between the parties, plus the Termination Fee.

(e) A declaration as to the amounts owed by the parties to each other in order to unwind the transaction and reconcile the accounts between the parties;

(f) Reasonable attorneys' fees in the trial court and all appellate courts and all court costs and collection costs;

(g) Costs of court;

(h) Pre- and Post-judgment interest at the maximum rate allowed by law;

(i) All costs of court in trial court and all appellate courts; and

(j) All other relief, both in law and equity, to which Plaintiffs may show themselves justly entitled.

Dated: March 10, 2023

Respectfully submitted,

By: /s/ *Jim D. Aycock*

**Jim D. Aycock**
Attorney-in-Charge
Federal Bar No. 20675
Texas Bar No. 24034309
JAycock@andrewsmyers.com

ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
Telephone (713) 351-0371
Facsimile (713) 850-4211

*Attorney for Plaintiffs Supercub Holdings, LLC, Stephen Discher, and ISP Supplies, LLC*

**Of Counsel:**

**Adam L. Robertson**
Federal Bar No. 2561986
Texas Bar No. 24088941
ARobertson@andrewsmyers.com

ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 351-0358 – Telephone
(713) 850-4211 – Facsimile