# EXHIBIT B

## to

## Plaintiff's Original Complaint

---

# McGuireWoods

**McGuireWoods LLP**
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
Phone: 214.932.6400
Fax: 214.932.6499
www.mcguirewoods.com

**Stuart M. Rasley**
Direct: 214.932.6414
srasley@mcguirewoods.com

_Via E-mail_

February 7, 2023

Bruchez & Goss, P.C.
4343 Carter Creek Parkway
Suite 100, Bryan, TX 77802
Attn: Jay B. Goss
E-mail: jgoss@bruchez.com

Re:     Response to Unwind Request

Dear Mr. Goss

We are in possession of a draft Agreement to Unwind attached hereto as Exhibit A (the "Unwind Agreement") that proposes to "unwind" the consummated transaction contemplated by that certain Securities Purchase and Contribution Agreement, dated as of February 4, 2022, as amended (the "Purchase Agreement"), which was officially closed Friday, October 14, 2022. Capitalized terms used herein without definition shall have the meaning ascribed to such terms in the Purchase Agreement.

In short, we view the contention set forth in the Unwind Agreement that the Closing did not occur as both confusing and inconsistent with the facts and law. Pursuant to the email attached hereto as Exhibit B, counsel for Supercub Holdings, LLC (the "Seller") and Stephen Discher ("Former Owner" or "Steve") explicitly authorized the release of their signatures, and the Closing occurred pursuant thereto. Neither the Purchase Agreement nor any applicable legal precedent allow you to unilaterally "unwind" the transaction. While certain situations allow the Federal Trade Commission to force a divestiture of business lines that are deemed to be anti-competitive (none of which are relevant here), even that process results in a sale to a third party. Simply put, there is no magic wand and even if there were, we affirmatively reject the assertation that the Closing wasn't consummated. Furthermore, Buyer and the Company have crossed a tax year, have had financing in place, and owe their investors fiduciary duties.

Buyer did not hear anything from the Seller regarding (a) a desire to unwind the Closed transaction or (b) any purported shortfall in payments owed to Former Owner pursuant to the Purchase Agreement until well over a month after the Closing. The Unwind Agreement asserts that Seller was not paid $729,750 (the "Asserted Shortfall Amount") of the aggregate Closing Payment, yet, pursuant to the text exchange between Buyer and Former Owner attached hereto as Exhibit C, there was clear agreement on the Closing Payment to be paid to Former Owner.

As Former Owner is aware, Buyer is in the process of arranging a refinancing of the Company which will provide additional liquidity, including the ability to pay the $4,000,000 installment under the Seller Note. However, Former Owner has (a) frustrated this process and removed access to the NetSuite ERP for Buyer and its affiliates and (b) refused to provide relevant diligence requested by the Company's potential lenders in connection with their underwriting of the proposed financing. As an employee of the

February 7, 2023
Page 2

Company, the Former Owner is required to follow lawful directives of the Company's Owner and is impeding the Company's ability to operate effectively and to achieve longer term strategic targets, which is also in Former Owner's interest as a partner and equity holder in Buyer.

Notwithstanding the foregoing, Buyer is interested in resolving the purported dispute and is interested in Steve remaining engaged in the enterprise – there is much to be gained given the anticipated future acquisitions and resolving this paramount for the Company's success.  Accordingly, Buyer is proposing that Buyer, Seller and Former Owner enter into a resolution agreement, whereby the parties agree (a) Former Owner shall receive payment of the Asserted Shortfall Amount in cash, as additional Purchase Price, (b) to immediately restore access to NetSuite ERP to Buyer and its affiliates, transferring administrative rights to Glen Carty, in addition to adding Glen Carty to all Company bank accounts with related signatory right, control and access, access to the Company's facilities and any other access related requests reasonably determined by Buyer, (c) to cooperate with Buyer on the aforementioned potential financings, including providing diligence and other requests, and (d)(i) for the avoidance of doubt, that the Closing was consummated, and (ii) to release each other from any claims with respect to payment or failure to pay any Purchase Price or Closing Payments and that Buyer has satisfied all obligations with respect thereto.

McGuireWoods LLP would draft the foregoing resolution agreement and upon the execution thereof and Buyer's determination that paragraph (b) above has been reasonably satisfied, Buyer and/or the Company will pay the Asserted Shortfall Amount to Former Owner or its designee within twenty (20) business days.

Thank you for your consideration and we look forward to resolving this matter as quickly and efficiently as possible.

Regards,

Stuart M. Rasley

Attached:

Exhibit A:     Unwind Agreement
Exhibit B:     Closing Email
Exhibit C:     Buyer and Former Owner Text Exchange

cc:

Jon Finger, Esq., *via email*
Steve Discher, *via email*
Glen Carty, *via email*

EXHIBIT A

<u>Unwind Agreement</u>

*(see attached)*

# Agreement to Unwind

This Agreement to Unwind (**"*Agreement*"**) is made as of January __, 2023, by GOT Distribution SPV, LLC, a Delaware limited liability company (**"*Buyer*"**), Supercub Holdings, LLC, a Texas limited liability company (the **"*Seller*"**), and Stephen Discher (the **"*Owner*"**).  Specifically, this agreement relates to all signatures released or documents signed on or around October 14, 2022 in relation to the purchase of ISP Supplies, LLC made by the parties hereto.

## RECITALS

A.  Seller, Buyer and Owner (collectively, the "Parties") entered into that certain Securities Purchase and Contribution Agreement, dated as of February 4, 2022, as amended by the First Amendment to Securities Purchase and Contribution Agreement, dated as of March 30, 2022,the Second Amendment to Securities Purchase and Contribution Agreement, dated as of April 27, 2022, the Third Amendment to Securities Purchase and Contribution Agreement, dated as of May 13, 2022, the Fourth Amendment to Securities Purchase and Contribution Agreement, dated as of May 28, 2022, the Fifth Amendment to Securities Purchase and Contribution Agreement, dated as of June 28, 2022, and the Sixth Amendment to Securities Purchase and Contribution Agreement, dated as of July 29, 2022(the "Purchase Agreement")in connection with the Seller's sale, and Buyer's purchase, of the Purchased Units of ISP Supplies, LLC, a Texas limited liability company, and Seller's contribution, and Buyer's acceptance, of the Contributed Units. Capitalized terms used herein without definition shall have the meaning ascribed to such terms in the Purchase Agreement.

B.  Under the terms of the Agreement, Buyer was to pay Seller the sum of $3,000,000 on October 18, 2022. Instead of making the $3,000,000 payment, Seller paid the following amounts:

   1.  $1,306,653.00 paid via wire transfer paid to American Momentum Bank on October 18, 2022;

   2.  $963,597.00 in cash via wire transfer to the Bank of America to the benefit of **Seller** and **Owner** on October 18, 2022,

C.  Seller's consideration as required under the Agreement was $729,750, less than the total of $3,000,000 required by the agreement to be paid at closing on October 14, 2022. Buyer advised Seller that Buyer would work toward closing of the transaction by paying Seller the $729,750 that was required to close the transaction. Seller never waived the obligation of Buyer to pay the full $3,000,000 by October 14, 2022 and therefore the Closing as contemplated in the Agreement never took place.

D.  During the period from November 2022 to January 2023, **Seller** has returned the following amounts to the **Buyer**:

| Date | Amount |
|------|--------|
| 11/30/22 | $ 135,625.14 |
| 11/29/22 | $ 71,354.17 |
| 11/28/22 | $ 135,625.14 |
| 12/14/22 | $ 71,354.17 |
| 1/3/23 | $ 135,625.14 |
| **Total Amount Returned** | **$ 549,583.76** |

The total amount of cash received by the **Seller** from **Buyer** as of today, less the cash returned is $ 1,720,666.24.

E. On November 28, 2022, **Seller** sent **Buyer,** by certified mail, a letter notifying **Buyer** of the failure to close the transaction as required pursuant to the Agreement, and that if the transaction was not closed by December 19, 2022, Seller was terminating the transaction pursuant to the terms of the Agreement. Buyer was unable to make the payment necessary to close the transaction set forth in the Agreement.

**NOW THEREFORE,** the parties, intending to be legally bound, in consideration for the mutual covenants set forth herein, hereby agree as follows:

a. Due to the failure by the **Buyer** to pay the total consideration of $3,000,000 on October 14, 2022, the transaction contemplated by the Agreement did not close;

b. that **Seller's** signatures were released from escrow by **Buyer's** attorneys on October 14, 2022 and are hereby retracted and will be returned to the **Seller**;

c. that all sums received by **Seller**, not yet returned to the **Buyer** totaling $1,720,666.24 shall be returned to the as follows:

$1,000,000 to be paid by wire transfer to the **Buyer** upon execution of this agreement.

$720,666.24  to be paid by wire transfer to **Buyer** upon securing a suitable Line of Credit by **Seller**.

d. that any agreements **Buyer** may have prematurely or otherwise, signed or executed as an "owner", "partner" , "agent", "officer"  or any other designated signer of ISP Supplies, LLC prior to or after October 14, 2022 are hereby dissolved and rendered null and void as they were executed prior to Closing and prior to **Buyer** actually acquiring any ownership, authority or control of ISP Supplies, LLC;

e.   that Buyer shall cause to be released, any liens or security agreements placed by any party on the assets of the **Seller** or **Owner** due to the activities of the Buyer;

f.   that the **Buyer** and all of **Buyer's** entities, hereby indemnify and hold harmless **Seller** and **Owner** from any claims that may be brought against Seller or Owner as a result of Buyer's actions related to the Agreement;

g.   that this signed agreement, may be used as evidence by either party**,** that the aforementioned transaction was not completed and along with evidence of the completed return of sums to the Buyer may be used as evidence that the same transaction was completely unwound and is therefore null and void.

h.   That Seller remains the owner of ISP Supplies, LLC as if the Agreement had never been executed and as if the equity interest in ISP Supplies, LLC had never been contributed to Seller.

Dated:_____.

BUYER:

GOT DISTRIBUTION SPV, LLC

By:_____
Typed Name:_____

SELLER:

SUPERCUB HOLDINGS, LLC.

By:_____
       STEPHEN DISCHER

OWNER:

_____

STEPHEN DISCHER

STATE OF                        §
                                §
COUNTY OF                       §

      This instrument was acknowledged before me on this the _____ day of January,  2023, by _____, _____ of GOT DISTRIBUTION SPV, LLC, a Delaware limited liability corporation, on behalf of said corporation.


                                       _____

                                       Notary Public, State of


STATE OF TEXAS                  §
                                §
COUNTY OF BRAZOS                 §

      This instrument was acknowledged before me on this the _____ day of January,  2023, by STEPHEN DISCHER, _____ of SUPERCUB HOLDINGS, LLC, a Texas limited liability corporation, on behalf of said corporation.


                                       _____

                                       Notary Public, State of Texas


STATE OF TEXAS                  §
                                §
COUNTY OF BRAZOS                 §

      This instrument was acknowledged before me on this the _____ day of January,  2023, by STEPHEN DISCHER, _____ of SUPERCUB HOLDINGS, LLC, a Texas limited liability corporation, on behalf of said corporation.


                                       _____

                                       Notary Public, State of Texas


AFTER RECORDING RETURN TO:
BRUCHEZ & GOSS, P.C.
4343 Carter Creek Parkway, Suite 100
Bryan, Texas 77802          File Number: 22-6190/JBG/dp

EXHIBIT B

<u>Closing Email</u>

*(see attached)*

**Rasley, Stuart M.**

| | |
|---|---|
| **From:** | Glen Carty <glen.carty@groupoftelecom.com> |
| **Sent:** | Friday, October 14, 2022 5:11 PM |
| **To:** | Rosenzweig, Allison W. |
| **Cc:** | Rob Holt; Steve Discher; Rasley, Stuart M. |
| **Subject:** | Re: GOT/ISP - Seller Note + Open Items |

**EXTERNAL EMAIL; use caution with links and attachments**

Steve, congrats and welcome to the family.
Rob, thank you for your services. It was a pleasure working with you.
Allison, Stuart, you know I'm always grateful to work with you. JWD (Job well done.)

I will confirm when all wires have been released.  It's past the bank cutoff time. I confirmed that they will batch and transmit them on Monday at 12PM PST.



**Glen Carty**  | Partner
Group of Telecom - GOT Management LLC
1001 Brickell Bay Drive #2719, Miami, FL, 33131
T: +1 786 483 5430 | glen.carty@groupoftelecom.com
Website: http://www.groupoftelecom.com
LinkedIn: https://www.linkedin.com/in/glencarty/

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are now on notice that any disclosure, copying, distribution, or taking action concerning the contents of this information is strictly prohibited and may be unlawful.

On Fri, Oct 14, 2022 at 5:59 PM Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com> wrote:
Wonderful! Glen, please initiate the wire. Congrats everyone on bringing this to a close!

**Allison W. Rosenzweig**
McGuireWoods LLP
T: +1 212 548 2111

On Oct 14, 2022, at 5:54 PM, Rob Holt <rhh@robhholt.com> wrote:

**EXTERNAL EMAIL; use caution with links and attachments**

Friday, October 14, 2022

1

Thank you for circulating the collated documents.  I approve closing and release of signature pages out of escrow.


RHH

Rob H. Holt, Attorney at Law

P.O. Box 10890

College Station, TX 77842

Ph. (979) 268-7950

-E-MAIL CONFIDENTIALITY NOTICE-

This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message and any attachments. Unauthorized interception of this e-mail is a violation of federal criminal law.

---

**From:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Sent:** Friday, October 14, 2022 4:12 PM
**To:** Rob Holt <rhh@robhholt.com>; Steve Discher <sdischer@ispsupplies.com>
**Cc:** Rasley, Stuart M. <SRasley@mcguirewoods.com>; Glen Carty <glen.carty@groupoftelecom.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items


Rob – Can you please confirm receipt of the executed documents, and let us know if seller signature pages are released?


Thanks,

Allison


**Allison W. Rosenzweig**
Associate
McGuireWoods LLP
T: +1 212 548 2111 | M: +1 631 897 1070
arosenzweig@mcguirewoods.com

**From:** Rosenzweig, Allison W.
**Sent:** Friday, October 14, 2022 4:19 PM
**To:** 'Rob Holt' <rhh@robhholt.com>; 'Steve Discher' <sdischer@ispsupplies.com>
**Cc:** Rasley, Stuart M. <SRasley@mcguirewoods.com>; 'Glen Carty' <glen.carty@groupoftelecom.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

All –

I have tried to send all executed documents but the email got bounced back. I will be sending to Rob via a sharefile link.

Once you receive and review them, Rob, can you please confirm that signature pages are released and that seller is prepared for closing? If so, Glen can initiate the wires.

Allison

**Allison W. Rosenzweig**
Associate
McGuireWoods LLP
T: +1 212 548 2111 | M: +1 631 897 1070
arosenzweig@mcguirewoods.com

**From:** Rosenzweig, Allison W.
**Sent:** Friday, October 14, 2022 3:59 PM
**To:** Rasley, Stuart M. <SRasley@mcguirewoods.com>; Rob Holt <rhh@robhholt.com>; Glen Carty <glen.carty@groupoftelecom.com>; Steve Discher <sdischer@ispsupplies.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

Rob – Yes, we have Steve's signature page. Fully-executed Seller Note is attached (to be held in escrow, pending closing).

I am working on compiling the rest of the documents, but as mentioned, we have all we need.

Allison

**Allison W. Rosenzweig**
Associate
McGuireWoods LLP
T: +1 212 548 2111 | M: +1 631 897 1070
arosenzweig@mcguirewoods.com

**From:** Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Sent:** Friday, October 14, 2022 3:52 PM
**To:** Rob Holt <rhh@robhholt.com>; Glen Carty <glen.carty@groupoftelecom.com>; Steve Discher <sdischer@ispsupplies.com>
**Cc:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

Rob, please see attached.  Assume we'll get Steve's countersignature in due course but we won't let that hold up closing/funding.

Regards,

**Stuart M. Rasley**
Partner
McGuireWoods LLP
T: +1 214 932 6414 | M: +1 214 498 5005
srasley@mcguirewoods.com

**From:** Rob Holt <rhh@robhholt.com>
**Sent:** Friday, October 14, 2022 2:42 PM
**To:** Glen Carty <glen.carty@groupoftelecom.com>; Steve Discher <sdischer@ispsupplies.com>
**Cc:** Rasley, Stuart M. <SRasley@mcguirewoods.com>; Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

**EXTERNAL EMAIL; use caution with links and attachments**

Friday, October 14, 2022

4

Allison and Stuart,

Please attach Glen's signature and circulate the final executed note.

Subject to the foregoing, seller approves closing with the understanding that later today you will circulate all of the final documents with the parties' executed signature pages.

RHH

Rob H. Holt, Attorney at Law

P.O. Box 10890

College Station, TX 77842

Ph. (979) 268-7950

-E-MAIL CONFIDENTIALITY NOTICE-

**This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message and any attachments. Unauthorized interception of this e-mail is a violation of federal criminal law.**

---

**From:** Glen Carty <glen.carty@groupoftelecom.com>
**Sent:** Friday, October 14, 2022 2:27 PM
**To:** Steve Discher <sdischer@ispsupplies.com>
**Cc:** Rob Holt <rhh@robhholt.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>; Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Subject:** Re: GOT/ISP - Seller Note + Open Items

See attached. Are we done?

**Glen Carty** | Partner

Group of Telecom - GOT Management LLC

1001 Brickell Bay Drive #2719, Miami, FL, 33131

T: +1 786 483 5430 | glen.carty@groupoftelecom.com

Website: http://www.groupoftelecom.com

LinkedIn: https://www.linkedin.com/in/glencarty/

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are now on notice that any disclosure, copying, distribution, or taking action concerning the contents of this information is strictly prohibited and may be unlawful.

On Fri, Oct 14, 2022 at 2:52 PM Steve Discher <sdischer@ispsupplies.com> wrote:

it's coming when he finishes his call!

Sent from my iPhone. Please excuse spelling errors and brevity.

On Oct 14, 2022, at 1:50 PM, Rob Holt <rhh@robhholt.com> wrote:

I don't have a wet signature on a $7M note???

RHH

Rob H. Holt, Attorney at Law

P.O. Box 10890

College Station, TX 77842

Ph. (979) 268-7950

-E-MAIL CONFIDENTIALITY NOTICE-

This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender

**(only) and delete the message and any attachments. Unauthorized interception of this e-mail is a violation of federal criminal law.**

---

**From:** Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Sent:** Friday, October 14, 2022 1:33 PM
**To:** Rob Holt <rhh@robhholt.com>; Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>; Steve Discher <sdischer@ispsupplies.com>
**Cc:** Glen Carty <glen.carty@groupoftelecom.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items
**Importance:** High

Thanks Rob.  Saw you just called – I'm stuck on calls for the next 90 minutes.  We will get you fully executed PDFs today, however, I worry that Glen will miss the wire deadline if that is a condition to closing.  We have what we need on our end to close.

Defer to you, Steve and Glen, but we are prepared to close over email and release signatures, subject to you and/or Steve releasing your signatures and authorizing the closing.

I can chat live @ 3pm CT.

Regards,

**Stuart M. Rasley**
Partner
McGuireWoods LLP
T: +1 214 932 6414 | M: +1 214 498 5005
srasley@mcguirewoods.com

---

**From:** Rob Holt <rhh@robhholt.com>
**Sent:** Friday, October 14, 2022 1:29 PM
**To:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>; Steve Discher <sdischer@ispsupplies.com>
**Cc:** Glen Carty <glen.carty@groupoftelecom.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

**EXTERNAL EMAIL; use caution with links and attachments**

Friday, October 14, 2022

See answers below in red.

RHH

Rob H. Holt, Attorney at Law

P.O. Box 10890

College Station, TX 77842

Ph. (979) 268-7950

-E-MAIL CONFIDENTIALITY NOTICE-

**This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message and any attachments. Unauthorized interception of this e-mail is a violation of federal criminal law.**

**From:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Sent:** Friday, October 14, 2022 12:33 PM
**To:** Rob Holt <rhh@robhholt.com>; Steve Discher <sdischer@ispsupplies.com>
**Cc:** Glen Carty <glen.carty@groupoftelecom.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

Rob – a few comments:

- The Contribution Agreement needs to be dated October 11. I will revise that date. RHH Response: Approved.

- Please confirm the Seventh Amendment is in final form, given my comment about the exhibit for the seller note. RHH Response: Prior to my approval of the closing, I need to see a PDF of the wet signature on the updated note.

- The Good Faith Estimate has been confirmed as final. RHH Response: Approved.

- We are coordinating our client's original signature page for the seller note to be sent to Steve directly. RHH Response: Approved so long as it is wet signature.

- There are no other members to the operating agreement as of this closing. RHH Response: The principal of the first acquisition does not sign as an incentive units holder???

We are compiling the remaining transaction documents and will send around, to be held in escrow. RHH Response: agreed.  Before closing, please send me the compiled documents. Thanks.

Allison

**Allison W. Rosenzweig**
Associate
McGuireWoods LLP
T: +1 212 548 2111 | M: +1 631 897 1070
arosenzweig@mcguirewoods.com

---

**From:** Rob Holt <rhh@robhholt.com>
**Sent:** Friday, October 14, 2022 12:42 PM
**To:** Steve Discher <sdischer@ispsupplies.com>; Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Cc:** Glen Carty <glen.carty@groupoftelecom.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Subject:** RE: GOT/ISP - Seller Note + Open Items

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

10/14/2022

Team:

Attached are the following documents:

1. Executed Secretary's Certificate completely assembled;
2. Executed updated Good Faith Estimate;
3. Executed Consent for Manager Member Resignation;
4. Executed Consent Approving the Seventh Amendment;
5. Executed Managing Member Resignation Agreement; and
6. Executed Contribution Agreement.

Glen, Steve has authorized closing with a PDF copy of the Promissory Note. Please send the original Note to Steve as follows:

Steve Discher

706 Putter Ct

College Station, Texas 77845

Allison, please send to me fully assembled Seventh Amendment, Contribution and Subscription Agreement, and assignments of the other documents signed by both Glen and Steve. Upon receipt, review, and approval, we will approve closing.

RHH

Rob H. Holt, Attorney at Law

P.O. Box 10890

College Station, TX 77842

Ph. (979) 268-7950

**-E-MAIL CONFIDENTIALITY NOTICE-**

**This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended**

recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message and any attachments. Unauthorized interception of this e-mail is a violation of federal criminal law.

**From:** Steve Discher <sdischer@ispsupplies.com>
**Sent:** Friday, October 14, 2022 10:34 AM
**To:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Cc:** Rob Holt <rhh@robhholt.com>; Glen Carty <glen.carty@groupoftelecom.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Subject:** Re: GOT/ISP - Seller Note + Open Items

Rob has it or i can send to the group if he approves that.

Sent from my iPhone. Please excuse spelling errors and brevity.

> On Oct 14, 2022, at 10:33 AM, Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com> wrote:

> I have not received the executed signature packet yet, but the signature page for the secretary's certificate was included in the packet I circulated.

> Allison

**Allison W. Rosenzweig**
Associate
McGuireWoods LLP
T: +1 212 548 2111 | M: +1 631 897 1070
arosenzweig@mcguirewoods.com

**From:** Steve Discher <sdischer@ispsupplies.com>
**Sent:** Friday, October 14, 2022 11:31 AM
**To:** Rob Holt <rhh@robhholt.com>
**Cc:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>; Glen Carty <glen.carty@groupoftelecom.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Subject:** Re: GOT/ISP - Seller Note + Open Items

**EXTERNAL EMAIL; use caution with links and attachments**

Don't we already have all the signature pages signed? I need to know because I will be getting in the car in a few minutes I'm driving for the next two days and so printing signing and scanning things is going to become problematic for me.

Sent from my iPhone. Please excuse spelling errors and brevity.

On Oct 14, 2022, at 10:24 AM, Rob Holt <rhh@robhholt.com> wrote:

10/14/2022

Allison and Stuart:

Attached is a redline, clean and final execution copy of the Secretary's Certificate.

Steve, please sign and circulate back to me.

We are compiling entity formation, authorization, and F-Reorg documents this morning.

RHH

Rob H. Holt, Attorney at Law

P.O. Box 10890

12

College Station, TX 77842

Ph. (979) 268-7950

**-E-MAIL CONFIDENTIALITY NOTICE-**

**This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message and any attachments. Unauthorized interception of this e-mail is a violation of federal criminal law.**

---

**From:** Steve Discher <sdischer@ispsupplies.com>
**Sent:** Friday, October 14, 2022 7:45 AM
**To:** Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com>
**Cc:** Rob Holt <rhh@robhholt.com>; Glen Carty <glen.carty@groupoftelecom.com>; Rasley, Stuart M. <SRasley@mcguirewoods.com>
**Subject:** Re: GOT/ISP - Seller Note + Open Items

I agree with the changes subject to any objections by Rob.

Good morning Allison, looks like we are the early birds!

Sent from my iPhone. Please excuse spelling errors and brevity.

> On Oct 14, 2022, at 7:42 AM, Rosenzweig, Allison W. <ARosenzweig@mcguirewoods.com> wrote:

> All –

Attached is the revised seller note, which I understand includes the discussions between the business folks. Please confirm if this is now in final.

Please also let me know the following:

1.  Allocation Methodology – Seller to confirm final

2.  Subscription Agreement – Once updated with the agreed numbers, Seller to confirm in final form

In addition to the executed signature pages, please send us (i) the compiled secretary certificate, (ii) the good faith estimate, and (iii) the executed contribution agreement (as part of the F Reorg) to be in held in escrow so we can review in advance of the closing.

Let us know if there are any other open items on your list.

Allison

**Allison W. Rosenzweig**
Associate
McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
T:   +1 212 548 2111
M: +1 631 897 1070
F:   +1 215 548 7111

14

arosenzweig@mcguirewoods.com
Bio | VCard |
www.mcguirewoods.com

_____

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

EXHIBIT C

<u>Buyer and Former Owner Text Exchange</u>

*(see attached)*

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.



08:42

< 32    **Steve** >

summary of cash at closing?

1 risposta

~900K

Still counting

Let's talk today.

Lol hold horses. Lol It's higher.

I just want to make sure we are on the same page so that you don't make commitments to anyone else about haircuts I will be taking.

2 risposte

I've taken a lot already. You know that.

Come on now.. you're getting 2M x 2

1 risposta

Yes, that's your plan but unless they have sent you a commitment to that fact that I don't know about, it isn't for sure.

I mentioned it to Crossroads.

They said give them a heads up of when we're going to move the first 2M

iMessage

To: **Steve Discher**

**October 18th. (3 days after closing)**

is my portion coming in multiple wires?

> Hmmm. How much are you missing?

3000000-1300000=1700000

i am getting $963,722
.00

according to email

Text Message

Glenford Carty at Group of Telecom sent you a wire transfer
You should see it posted in one business day.
$963,722
.00

iMessage

> Fees. Listing them here:

> 3.0M less AMB (1.3M), Libertas origination fee (50k), MGW Fee (250k Estimate), GOT Fee (300k), Libertas First Payment ($100k – because we're beyond two weeks),  BT Fees (40k) – We are capped by the $3M we got from Libertas.

guess i should have read the agreement better i was assuming we each paid our own fees

> That's correct.

> Call?

what's the crossroads advance rate percentage of cost? is there a cap on the total they will loan and if so how much headroom do we have?

> 4.5M (Using $2<

> M

ok. and their advance percentage is?

> 50%

ok

you could have at least  rounded up. would have made the math easier.

> 49%

> 👍 You mean on the transfer?

rookie mistake

> No no. That was on purpose. I would round to 950

> That's a nice number.

A million is a psychological thing. I probably would not have even noticed.

> LOL. So..

> Do you know I thought about that..

> Not that you wouldn't see i.t

> Just the million dollar factor.

> hmmm

**Continues to next page**

iMessage



I'm bad friend.. I mean that. I should have held the BT amount so it went to 1M

send me 36,278 and i'll forgive you

all kidding aside, if you knew we would be short we should have amended the contract to 2.3M cash at closing not 3M. it would have been cleaner.  One thing you're going to learn about me is I would rather do a clean deal than  get everything I want. Trust me enough to at least ask!

I agree. It's a mistake.

ok.  time to move past it.  and trust me.

Fri, Nov 18 at 05:48

is the call on for 9:00 est or is it changed

**A month after closing.**

I haven't heard back

12 CST

?

ok

CPA says Section 4.2 of the agreement under "Tax Matters" says the transaction is "intended to be treated as the taxable purchase and sale of an undivided interest in a ratable portion of the assets of the Company".  Waiting on the lawyer to give an opinion but is the intent to treat it as an asset sale for tax purposes? That makes no sense to me.

I believe an F-Reorg has to be treated that way.

then I am fucked

Basis doesnt apply and I will owe 39% tax on the entire transaction.

That wasn't the deal in the LOI

How do avoid that with an S corp

?

It wasn't our choice. I think its a factor of owning an S-corp.

You either F-reorg and sell the shares or sell the assets.

(you're forgetting a conversation we had. I'll remind you in a moment.)

( We had the tax conversation the day before we closed. That morning, I had a back and forth with MGW on F reorg and other elections. Then I called you and said we'll adjust for your taxes.)

Adjust what and do you have an idea of how much $ we are talking about? This isnt trivial.

Call?\

sure