# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SUPERCUB HOLDINGS, LLC, ET AL. § § § | |
| *Plaintiffs*, § § | Civil Action No. 4:23-cv-00888 |
| v. § § | |
| GOT DISTRIBUTION SPV, LLC § § | |
| *Defendant.* § | |

### DEFENDANT GOT DISTRIBUTION SPV, LLC'S RULE 12(B)(1) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT

Defendant GOT Distribution SPV, LLC ("GOT SPV") moves to dismiss all claims asserted in Plaintiffs Supercub Holdings, LLC ("Supercub"), Stephen Discher ("Mr. Discher"), and ISP Supplies, LLC's (collectively, "Plaintiffs") Original Complaint, [Dkt. #1], pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction as all parties are citizens of Texas and therefore not diverse.

## I.
## Statement of Issues

1. Plaintiffs filed their Original Complaint for declaratory judgment concerning the sale of ISP Supplies LLC in federal court solely based on alleged diversity of citizenship between the parties under 28 U.S.C. § 1332. [Dkt. #1, ¶¶ 5-

10]. However, Plaintiffs' allegations concerning GOT SPV's citizenship are incorrect, as GOT SPV is a Texas citizen by way of its members' Texas citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

2. GOT SPV is a citizen of Texas for two reasons. First, GOT SPV's majority member, GOT Distribution LLC (GOT Distribution"), is a Texas citizen. GOT Distribution was the sole member of GOT SPV prior to the October 14, 2022 transaction which forms the basis of this suit. After the October 14 transaction, GOT Distribution LLC remained the majority member in GOT SPV. Since 2021, Mr. Vinay Medhekar has been and remains a member of GOT Distribution. Mr. Medhekar lives in Beaumont, Texas, has a Texas driver's license, and plans to remain in Texas indefinitely, with no plans to leave Texas at this time. This alone destroys diversity between the parties.

3. Second, GOT SPV is a citizen of Texas because it is undisputed that Plaintiff Supercub LLC, which is also a member of GOT SPV, is a Texas citizen. [Dkt. #1, ¶ 7]. No later than the October 14 transaction, Supercub, Discher, GOT Distribution, and GOT SPV executed the necessary documents by which Supercub became a member of GOT SPV and Discher became a member of GOT Distribution. Supercub's membership in GOT SPV and Discher's membership in GOT Distribution destroys diversity. For these reasons, this Court lacks subject matter jurisdiction over this dispute and should dismiss this action.

## II.
## The Rule 12(b)(1) Standard

4. Federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution and statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). A plaintiff bears the burden of establishing subject-matter jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). A party may challenge the subject-matter jurisdiction of the court to entertain a claim. *See* FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *In re FEMA*, 668 F.3d at 286. The court has the power to dismiss a claim for lack of subject-matter jurisdiction on the basis of the complaint itself, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts. *Id.*

5. Courts grant Rule 12(b)(1) motions when it appears certain the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). And, when determining citizenship, the court may look at any record evidence, receive affidavits and deposition testimony, and hear live testimony concerning the citizenship of the parties. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

## III.
## Argument & Authorities

**A. The citizenship of an LLC is determined by the citizenship of its members.**

6. There must be federal question or diversity jurisdiction to maintain a lawsuit in federal court. *See* 28 U.S.C. §§ 1331 and 1332. In this case, Plaintiffs' sole basis for jurisdiction was alleged diversity under 28 U.S.C. § 1332. [Dkt. #1, ¶¶ 5-10]. For diversity purposes, there must be complete diversity between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.") (internal citations omitted)).

7. A corporation is a citizen of both the state where it is incorporated, and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Individuals are citizens of the state in which they are domiciled. *See Coury*, 85 F.3d at 249. A person's domicile consists of their residence and the intent to remain there indefinitely. *See id.* at 250; *see also Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003).

8. "The citizenship of a L[imited] L[iability] C[ompany] is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the

court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]") (internal quotations and citations omitted). When members of a limited liability company are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability company. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

**B. Plaintiffs and Defendant GOT SPV are all citizens of Texas and not diverse.**

    **i. Plaintiffs' Texas Citizenship**

9. Plaintiffs admit they are citizens of Texas. [Dkt. #1, ¶¶ 1-3 and 6-8 ("Mr. Discher is an individual domiciled in the State of Texas. Supercub is a limited liability company organized under the laws of the State of Texas . . . Supercub's citizenship for diversity jurisdiction purposes is Texas. ISP is a limited liability company organized under the laws of the State of Texas . . . ISP's citizenship for diversity jurisdiction purposes is Texas.")].

    **ii. GOT SPV's Texas Citizenship**

10. Defendant GOT SPV is a citizen of multiple states, including Texas. GOT SPV was created in October 2021, and since its creation has been a citizen of Texas. From its creation in October 2021 to the closing of the October 14, 2022 transaction, GOT SPV's sole member was GOT Distribution LLC. (*See* **Exhibit 1**,

Declaration of Glenford Carty ¶¶3,4; **Exhibit 2**, Original GOT Distribution SPV, LLC Limited Liability Company Agreement, Schedule A). After the closing, GOT Distribution remained the majority member of GOT SPV. (*See* Ex. 1 Carty Decl. ¶¶9-11; **Exhibit 3**, GOT SPV's Amended and Restated Limited Liability Company Agreement Section 1.7 and Schedule 1.7).

11. GOT Distribution has been a member of Defendant GOT SPV since its inception, and Texas resident Vinay Medhekar has been a member of GOT Distribution, LLC since October 28, 2021. (*See* Ex.1, Carty Decl. ¶3-8,12; **Exhibit 4**, Amended and Restated Limited Liability Company Agreement of GOT Distribution, LLC, Schedule 1.7; **Exhibit 5**, Declaration of Vinay Medhekar ¶¶ 2-4, **Exhibit 6**, Updated Member Schedule 1.7 of the GOT Distribution LLC Agreement as of December 31, 2021, **Exhibit 7**, Updated Member Schedule 1.7 of the GOT Distribution LLC Agreement as of December 31, 2022; **Exhibit 8**, October 28, 2021 Subscription Agreement). Mr. Medhekar has remained a member of GOT Distribution consistently since October 28, 2021 and is currently a member of GOT Distribution, LLC. (*See* Ex.1, Carty Decl. ¶6-8, 12; Ex.5, Medhekar Decl. ¶2).

12. Mr. Medhekar has lived in Texas for 12 years. (*See* Ex.5, Medhekar Decl. ¶4). Mr. Medhekar lives in Beaumont, Texas, and has since 2011.(*Id.*) Mr. Medhekar has a Texas driver's license, owns a home in Beaumont, Texas which is the only home he owns and is his primary residence, and has no plans to leave

Texas (*See* Ex. 5, Medhekar Decl. ¶4). As Mr. Medhekar is a Texas citizen, his citizenship passes through his membership in GOT Distribution LLC and then through its membership to GOT SPV. GOT SPV is therefore a citizen of Texas, the same as Plaintiffs. *See Harvey*, 542 F.3d at 1080; *see also Carden*, 494 U.S. at 195. This destroys diversity between the parties and requires that this case be dismissed for lack of subject matter jurisdiction.

13. While the citizenship of GOT SPV through Mr. Medhekar is sufficient to destroy diversity and require dismissal, GOT SPV is also a Texas citizen by way of Supercub's membership in GOT SPV, and Discher's membership in GOT Distribution and Supercub. No later than the October 14, 2022 closing, GOT Distribution remained the majority member of GOT SPV, and Supercub became a minority member. (*See* Ex. 1 Carty Decl. ¶¶9-11; Ex.3, GOT SPV's Amended and Restated LLC Agmt. Sec. 1.7 and Schedule 1.7). As one of the members of GOT SPV, Supercub's citizenship (the citizenship of its member(s) as an LLC) is imputed onto GOT SPV. Supercub admits that it is a Texas citizen by virtue of the fact that its only member, Mr. Discher, is a citizen of Texas. [Dkt. #1, ¶ 7 ("Supercub's sole member is Mr. Discher . . . an individual domiciled in . . . Texas . . . Supercub's citizenship for diversity jurisdiction purposes is Texas.")]. Similarly, Discher became a member in GOT Distribution. (*See* Ex. 1 Carty Decl. ¶¶9-11; Ex.7 Member Schedule of GOT Distribution 12/31/22). Therefore, diversity is defeated because

Plaintiffs and Mr. Discher, on the one hand, and Defendant GOT SPV, on the other hand, are Texas citizens. *See Harvey*, 542 F.3d at 1080; *see also Carden*, 494 U.S. at 195.

14. The evidence before the Court proves that Defendant GOT SPV is a citizen of Texas like Plaintiffs Supercub and Mr. Discher. Even assuming *arguendo* that the closing never occurred as Plaintiffs allege, diversity is still defeated by the membership of Mr. Medhekar from 2021 through the present. Accordingly, the parties are not diverse, and this Honorable Court must dismiss Plaintiffs' Complaint against GOT SPV for lack of subject-matter jurisdiction.

## IV.
## Conclusion

15. This Honorable Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff Supercub Holdings, LLC, Plaintiff Stephen Discher, and Defendant GOT Distribution SPV, LLC all are citizens of Texas. For these reasons, Defendant GOT Distribution SPV, LLC respectfully asks this Court to grant this Motion and dismiss Plaintiffs Supercub Holdings, LLC, Stephen Discher, and ISP Supplies, LLC's Original Complaint, [Dkt. #1], under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332; and for all other relief, at law or in equity, to which GOT SPV may be justly entitled.

Dated: April 5, 2023

Respectfully submitted,

**AKERMAN LLP**

By: /s/ Sean M. Cichowski
**Sean M. Cichowski**
Texas Bar No. 24062188
S.D. TX Bar No.: 1076539
sean.cichowski@akerman.com
1300 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
Phone: (713) 623-0887
Fax:    (713) 960-1527
**ATTORNEY-IN-CHARGE FOR DEFENDANT GOT DISTRIBUTION SPV, LLC**

**OF COUNSEL:**

**AKERMAN LLP**

**Dustin B. Hillsley** **to be admitted pro hac vice*
FL Bar No. 1018586
dustin.hillsley@akerman.com
201 East Las Olas Boulevard, Suite 1800
Ft. Lauderdale, FL 33301

**Sean A. Santarelli**
Texas Bar No. 24097264
S.D. TX Bar No.: 3479392
sean.santarelli@akerman.com
1300 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
Phone: (713) 623-0887

AND

**BECK REDDEN LLP**

**Matthew P. Whitley**
Texas Bar No. 24037703

S.D. TX Bar No.: 33589
mwhitley@beckredden.com
**Seepan V. Parseghian**
Texas Bar No. 24099767
S.D. TX Bar No.: 2953872
sparseghian@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone No. (713) 951–3700
Facsimile No. (713) 951–3720

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing was served to all counsel of record via CM/ECF on April 5, 2023.

                        /s/ *Sean Cichowski*
                        **Sean M. Cichowski**